**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4884

AKOSUA KOOWAA, a/k/a Linda
Mansah,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4900

KWASI ADU KODUAH,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-98-261)

Submitted: July 27, 1999

Decided: August 26, 1999

Before ERVIN and MOTZ, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph J. McCarthy, DELANEY, MCCARTHY, COLTON &
BOTZIN, P.C., Alexandria, Virginia; Chris Asher, UNIVERSAL
LAW CENTER, Washington, D.C., for Appellants. Helen F. Fahey,
United States Attorney, Andrew McKenna, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Akosua Koowaa and Kwasi Adu Koduah were convicted of con-
spiracy to defraud the United States through immigration fraud, in
violation of 18 U.S.C. § 371 (1994); and making false statements on
an immigration application, in violation of 18 U.S.C.A. § 1546(a)
(West Supp. 1999). On appeal, they raise several claims of error. We
affirm.

Both Koowaa and Koduah appeal the district court's denial of their
motion to dismiss the indictments on grounds that the Government
failed to inform them of their right, under the Vienna Convention, to
contact their embassy. Appellants properly raised and preserved this
issue below, and the district court denied the motion on the ground
that the parties suffered no prejudice as a result of the failure. We
conclude that the district court applied the proper standard in deciding
the claim, and did not err in finding no prejudice. See Breard v.
Greene, 523 U.S. 371, 377 (1998); United States v. Lombera-
Camorlinga, 170 F.3d 1241, 1244 (9th Cir. 1999).

The Appellants next assert that the district court erred in refusing
to submit to the jury panel a written questionnaire. Having reviewed
the record, we conclude that the district court acted within its broad

2

discretion in conducting voir dire. <u>Ristaino v. Ross</u>, 424 U.S. 589, 594-95 (1976).

Koduah's claim that Koowaa's statement should not have gone to the jury lacks merit. The statement was properly redacted and made no reference, direct or indirect, to Koduah. <u>See Richardson v. Marsh</u>, 481 U.S. 200, 207 (1987). In addition, we have reviewed de novo the voluntariness of the statement. <u>Correll v. Thompson</u>, 63 F.3d 1279, 1290 (4th Cir. 1995). We conclude that the district court did not err in finding the statement to be voluntary.

Koduah challenges the sufficiency of the evidence to support both the conspiracy conviction and the substantive offense. As to the conspiracy, the record contains adequate evidence to prove the existence of an agreement between Koowaa and Koduah, and overt acts in furtherance of the conspiracy. <u>United States v. Ellis</u>, 121 F.3d 908, 922 (4th Cir. 1997). The Government also established the fraud of the conspirators, with evidence that Koowaa posed as Linda Mansah and Koduah posed as the husband of Linda Mansah when applying for entry into the country, and filled out immigration forms with this fraudulent information. Therefore, this claim lacks merit.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. We affirm the convictions and sentences of both Koowaa and Koduah.

<u>AFFIRMED</u>

3